IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CR-162-BO-1
No. 5:23-CV-303-BO

LARRY BRANDON MASSENBURG, )
)
Petitioner, )
)                                    **O R D E R**
v. )
)
UNITED STATES OF AMERICA, )
)
Respondent. )

This matter is before the Court on petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 75]. The government has moved to dismiss the petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 82-1] at 1. Petitioner has failed to respond to the motion to dismiss, and the time for doing so has expired. The matter is now ripe for ruling. For the reasons that follow, the government's motion to dismiss is granted.

## BACKGROUND

On June 30, 2021, petitioner pled guilty to one count of possession with intent to distribute a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and one count of conspiring to distribute and possess with the intent to distribute a quantity of cocaine base (crack) in violation of 21 U.S.C. § 846(a)(1). [DE 37] at 1, 5-6. On October 28, 2021, the Court sentenced petitioner to 115 months' imprisonment. [DE 53] at 3. Judgment was entered on the Court's docket on November 1, 2021, [DE 53], and petitioner did not appeal his conviction or sentence.

On June 6, 2023, the clerk's office filed petitioner's instant, *pro se*, § 2255 motion to vacate his underlying conviction and sentence. [DE 75] at 1. Petitioner's challenge is based on alleged ineffective assistance of counsel. [DE 75-1] at 1-2. The government seeks dismissal of the § 2255

petition as untimely. [DE 82]. For the reasons discussed herein, the Court grants the government's motion.

**DISCUSSION**

A petitioner's sentence will be vacated, set aside, or corrected when he has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If the court finds that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b). The "goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." *United States v. Hadden*, 475 F.3d 652, 665 (4th Cir. 2007) (internal quotation and emphasis omitted) (quoting *United States v. Silvers*, 90 F.3d 95, 99 (4th Cir.1996)).

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* R. 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3c Cir. 2000)).

A § 2255 motion must be filed within one year from the latest of four triggering events. 28 U.S.C. § 2255(f)(1)-(4). A defendant may file a § 2255 motion within one year of the judgement

2

becoming final. *Id.* at § 2255(f)(1). If a defendant does not file a direct appeal of his sentence, the judgment becomes final fourteen days after the entry of judgment. *See* Fed. R. App. P4(b)(1)(A) (requiring a defendant to file a notice of appeal within fourteen days of entry of judgment); *see also Whiteside v. United States*, 775 F.3d 180, 182 (4th Cir. 2014) (en banc) (finding the defendant's conviction became final fourteen days after entry of judgment when the appeal period expired). Petitioner does not allege the existence of one of the triggering events under § 2255(f)(2)-(4). Therefore, to comply with the requirements of § 2255(f), petitioner must have filed his § 2255 motion on or before November 15, 2022, one year from the date the appeal period expired. 28 U.S.C. § 2255(f)(1).

The record evidence indicates that petitioner submitted his § 2255 motion to the prison mailing system on April 28, 2023 – 164 days after the November 15, 2022, deadline. [DE 75] at 12; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (noting that the deadline applies to the date a petitioner's § 2255 form is submitted to the prison mailing system). *See, e.g.*, *Allen v. Mitchell*, 276 F.3d 183, 184 n. 1 (4th Cir. 2001) (applying the mailbox rule to § 2255 petitions); *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (same). Thus, based on the record before this Court, petitioner has not established that he submitted his § 2255 motion for filing within one year of the judgment becoming final. *See United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001) ("Because Segers did not file his § 2255 motion until . . . more than one year later, his § 2255 motion was untimely and properly dismissed.") Accordingly, unless petitioner can show that he is entitled to equitable tolling, petitioner's § 2255 motion is untimely. *See* 28 U.S.C. § 2255(f)(1).

Equitable tolling is available to an otherwise time-barred petitioner when he "present[s] '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that

3

prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004)). A petitioner must also show he has been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside*, 775 F.3d at 184 (quoting *Rouse*, 339 F.3d at 246).

In his § 2255 motion, petitioner's reasoning for his untimely filing was that he was "in process of transit" after sentencing and therefore "wasn't able to get or afford paperwork," and that he was "ripped off twice" by what he describes as "jail house lawyers." [DE 75] at 11. However, a defendant being in the process of transit is not a sufficiently extraordinary circumstance to warrant equitable tolling. *United States v. Johnson*, No. 7:08CR00024-1, 2010 WL 348015, at *2 (W.D. Va. Jan. 28, 2010). Moreover, a prisoner's mistaken reliance on others' legal advice is also insufficient for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Therefore, none of the reasons for the failure to timely file his § 2255 motion put forth by petitioner satisfy the requirements for equitable tolling. Consequently, the Court finds that petitioner's § 2255 motion is untimely.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

4

*Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, the government's motion to dismiss [DE 82] is GRANTED and petitioner's § 2255 motion to vacate, set aside, or correct his sentence [DE 75] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 20 day of May, 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5